IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA DYESS, by and through her Guardian Ad Litem, ANDREA DYESS,<br><br>           Plaintiff,<br><br>     vs.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT, et al.,<br><br>           Defendants. | Case No. 1:10-cv-00166 AWI JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING THE PETITION TO APPROVE THE COMPROMISE OF THE CLAIM OF THE MINOR PLAINTIFF<br><br>(Doc. 42) |

The plaintiff is a minor appearing in this proceeding by and through her mother and guardian ad litem ("GAL"), Andrea Dyess. Pending before the Court is a petition for approval of a compromise of the minor's claims. Defendants do not oppose the motion. The Court has read and considered the pleadings and arguments of counsel. For the reasons set forth below, the Court recommends that the petition be **GRANTED**.

**I.  Procedural History**

Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 on February 2, 2010. (Doc. 1). Plaintiff's Second Amended Complaint, filed August 30, 2010, states claims for failure to prevent sexual harassment in violation of Title IX of the Education Amendments Act of 1972, violation of Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment, excessive use of force in violation of Plaintiff's rights under the Fourth Amendment and/or the Due

1

1  Process Clause of the Fourteenth Amendment; civil conspiracy, and conspiracy under 42 U.S.C. §
2  1985(3) and failure to prevent under 42 U.S.C. § 1986.  (Doc. at 2-3).  The complaint alleges that
3  Defendants sexually harassed Plaintiff and/or failed to protect her from sexual harassment at the
4  hands of a school employee.
5       The parties engaged in mediation on December 1, 2010 at which time the matter did not
6  settle.  However, the "mediator's proposal" submitted afterward was accepted by all parties on
7  December 8, 2010.  On December 10, 2010, Plaintiff filed a notice of settlement with the Court
8  (Doc. 10) and on December 16, 2010, her guardian ad litem petitioned the Court for approval of the
9  settlement.  (Doc. 42).
10      At the hearing on January 18, 2011, the GAL reported that she understood the terms of the
11 settlement agreement and was satisfied that it was fair and expressed also that she was entering into
12 the settlement without any reservation.  The GAL stated that she understood that the child's
13 settlement proceeds would be deposited into a blocked account and reported that she did not
14 anticipate any withdrawals from the account prior to Plaintiff turning 18 on April 10, 2010.  The
15 GAL reported that after that time, Plaintiff would continue to reside in the family home and that she
16 and the child's father would guide the child's expenditure of the funds.

17 **II.  Settlement Approval Standards**

18      No settlement or compromise of "a claim by or against a minor or incompetent person" is
19 effective unless it is approved by the Court.  Local Rule 202(b).  The purpose of requiring the
20 Court's approval is to provide an additional level of oversight to ensure that the child's interests are
21 protected.  Toward this end, Local Rule 202(b) requires the petition seeking approval of the
22 settlement to disclose:

> the age and sex of the minor . . ., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . .was determined, **including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise**, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

27 Local Rule 202(b)(2), emphasis added.  Generally, in determining whether to approve the
28 compromise of a minor's claims, federal courts refer to applicable state law.  *See e.g., Walden v.*

*Moffett*, 2007 U.S. Dist. LEXIS 70507, at *6 (E.D. Cal. Sept. 20, 2007); *MAP v. City of Bakersfield*, 2009 U.S. Dist. LEXIS 7519, at *5 (E.D. Cal. Jan. 23, 2009); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure before Trial* § 15:138, p. 15-48 (2010). In California, a settlement or compromise of a claim of a minor is not enforceable without court approval. Cal. Prob. Code §§ 2504, 3600 *et seq.*; Cal. Code Civ. Proc. § 372 ("The guardian . . . or guardian ad litem so appearing for any minor . . . shall have power, *with the approval of the court* in which the action or proceeding is pending, to compromise the same. . .") (emphasis added).

### III. Attorney's Fees and Costs

In addition to approval of the settlement itself, any attorney's fee to be paid for representation of a minor must be approved by the court. Cal. Prob. Code § 3601. To determine whether a request for attorney's fee is reasonable, the Court may consider, among other factors: the time and labor required; whether the minor's representative consented to the fee; the amount of money involved and the results obtained; and whether the fee is fixed, hourly, or contingent. *See* California Rule of Court 7.955(b). Where a contingency fee has been proposed, "most courts require a showing of "good clause" to award more than 25% of any recovery… As a practical matter, awards for more than 25% of the recovery in a minor's case are rare and justified only when counsel proves that he or she provided *extraordinary* services." *Schwall v. Meadow Wood Apartments*, 2008 U.S. Dist. LEXIS 18819, at *3 (E.D. Cal. Feb. 27, 2008), *quoting* 2 Weil & Brown, *California Practice Guide: Civil Procedure before Trial* §§12:576-12:577, p. 12(II)-17 (2007). When a fee is contingent, the court should also consider the risk of loss, the amount of costs advanced by the attorney, and the delay in reimbursement of costs and payment of fees to determine if the amount is reasonable. *See* California Rule of Court 7.955(b)(13).

### IV. Discussion and Analysis

The petition identifies the guardian ad litem (Plaintiff's mother) acting for Plaintiff and the attorneys representing her by name, address and bar number; the terms of the agreement between Plaintiff and her attorneys; and that the attorneys were neither employed by another party nor have they received compensation other than that requested in the petition. (Doc. 42-1 at 24, 26). The petition was verified by Plaintiff's guardian ad litem. (Doc. 42-1, Decl. of Petitioner).

Under the proposed compromise, the petition recites that Defendants deny all liability for the claims asserted by Plaintiff but have agreed to pay $100,000 to settle the dispute. (Doc. 42-1 at 24) Of this total, the petition proposes that $27,331.81 be paid to Rodriguez and Associates with $25,000 for attorneys fees and $2,331.81 for costs and expenses. *Id.* at 25. As to the remaining balance, $72,668.19, the petition seeks to have it deposited in blocked account for Plaintiff's benefit, "subject to withdrawal only upon authorization of the Court until said time as plaintiff . . . reaches the age of majority." *Id.* The payment of the settlement funds would occur with one check being paid directly to the attorneys, and the second check for Plaintiff's damages, to be paid into the blocked account at Mission Bank, located at 1330 Truxtun Avenue, Bakersfield, California. At the hearing, the guardian ad litem reported that she did not anticipate that any funds would be requested from the blocked account before Plaintiff became an adult on April 10, 2010. Plaintiff's guardian ad litem reported that Plaintiff will continue to reside with her parents after turning 18 and will receive guidance on spending the settlement funds.

The petition for approval of the compromise agreement reported that Plaintiff is a 17-year-old female suing Defendants for violations of her rights, as set forth above. The petition asserted that Plaintiff "suffered severe and continuing emotional distress and mental anguish" as a result of the sexual harassment and was unable to participate in school events or walk home without fear. (Doc. 42-1 at 21-22). As a result of the emotional impact of Defendants' actions, Plaintiff suffered an involuntary psychiatric hold due to a suicide attempt and the determination that she posed a danger to herself. *Id.* at 22. As a result of her injuries, the petition reported that Plaintiff received treatment from a therapist. *Id.*

However, at the hearing, counsel reported that, though Plaintiff had consulted a therapist on two occasions, her emotional difficulties had resolved and the therapist felt that no additional follow-up sessions were necessary. Likewise, counsel reported that the child was now doing well in school and that she was on track to graduate at the end of the term.

Based upon the information provided in the petition and that provided at the hearing and considering the totality of the facts and circumstances of this case and the temporal nature of Plaintiff's emotional injuries, the Court finds that a settlement in the amount of $100,000, is fair,

reasonable, and in the best interests of the child.  Furthermore, the Court finds that the amount of attorneys fees requested is reasonable considering the contingent fee arrangement, the costs to the law firm, the risk of loss and the delay in reimbursements.  Moreover, the 25 percent fee is not in excess of the amount permitted generally in California.  Thus, the Court finds that the deduction of $27,331.81 in fees and costs is both fair and reasonable.  *See* California Rule of Court 7.955(b); Cal. Prob. Code § 3601.

**V.   Findings and Recommendations**

In accordance with the above, it is **HEREBY RECOMMENDED:**  that the petition to approve a compromise of the minor's claims and to be **GRANTED** as follows:

1. The petition to approve the compromise of the minor's claims be **GRANTED**;
2. The portion of the settlement proceeds for the child, in the amount of 72,668.19, be **ORDERED** to be deposited in a blocked account subject to withdrawal only upon authorization of the Court until  the child reaches the age of majority; and,
3. Attorneys fees and costs in the amount of $25,000 and $2,331.81, respectively be **GRANTED**;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 18, 2011**                                                   /s/ Jennifer L. Thurston
                                                                                           UNITED STATES MAGISTRATE JUDGE